George NICHOLS, III, Commissioner of Insurance in his capacity as Liquidator of Delta American Re Insurance Co., Plaintiff,

v.

VESTA FIRE INSURANCE CORPORATION, Defendant.

No. Civ.A. 99–33.

United States District Court, E.D. Kentucky, Frankfort Division.

July 21, 1999.

Kevin M. McGuire, Jay Edward Ingle, Jackson & Kelly, Lexington, KY, for plaintiff.

William D. Kirkland, Rebecca L. Briggs, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, KY, Lawrence S. Greengrass, Michael H. Goldstein, Mitchell S. Cohen, Mound, Cotton & Wollan, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

In the above-styled action, there are two matters currently before the Court. The first matter is defendant's motion to compel arbitration [Record No. 7]. Plaintiff has responded to this motion [Record No. 15], to which defendant has replied [Record No. 20]. The second matter is plaintiff's motion to remand the above-styled action to the Franklin Circuit Court [Record No. 13]. Defendant has responded [Record No. 21]. Both matters are now ripe for decision.

Before reaching the merits of defendant's motion to compel arbitration, the Court must first determine whether it is proper to exercise jurisdiction over this action. As such, plaintiff's motion to remand will be dealt with first.

### I. This action was properly removed.

In his memorandum in support of his motion to remand, plaintiff advances the claim that Vesta Fire Insurance Corporation ("Vesta") is not entitled to remove the above-styled action under 28 U.S.C. § 1441 because Vesta is not truly the defendant in the action. While this is a novel, and on its face intriguing, argument, this Court finds it to be wholly without merit. In this action, plaintiff Nichols filed a complaint seeking monetary relief from defendant Vesta. How it is that the parties could be aligned in any other way cannot be seen by the Court. Therefore, Vesta's removal of the above-styled action was proper under 28 U.S.C. § 1441.

### II. *Burford* abstention is not applicable in this case.

In *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the Supreme Court established a doctrine which held that district courts should abstain from exercising jurisdiction over actions seeking equitable relief when such relief would interfere with an important state interest around which had been created a complex regulatory scheme. This principle was further clarified in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), wherein the Court held that federal courts may dismiss or remand cases based on abstention principles only where the relief being sought is discretionary in nature, and may not do so in a common-law action for damages.[1]

In the instant action, the relief being sought by plaintiff, i.e., money damages for an alleged breach of contract, is of a classic legal nature. Therefore, "[s]ince this case is really a damages action, we refuse to exercise our discretion to abstain when the requests for declaratory relief were probably included simply to set the table for an abstention motion under *Burford*." *Koken*

---

1. There are exceptions, however. *See Louisiana Power and Light Co. v. Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), wherein a district court properly stayed a case involving a complex, undecided issue of state law pending before the state supreme court. As will be discussed later in this opinion, no such unresolved state law issue exists in the instant matter.

*v. Cologne Reinsurance Ltd.*, 34 F.Supp.2d 240, 249 (M.D.Pa.1999).

### III. *Colorado River* abstention is not applicable in this case.

■ In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court laid out another basis in which a district court should decline to exercise its jurisdiction; this time it was based on judicial efficiency. Specifically, a federal suit should be dismissed due to the presence of a concurrent state court action. Such a scenario is completely inapplicable to the parties currently at bar; the above-styled action is currently the only controversy pending in any court between the two. As such, adjudication by this Court of the instant action would not in any way interfere with a concurrent state court proceeding.

### IV. K.R.S. provisions relating to insurance liquidation, as examined under the McCarran–Ferguson Act, do not conflict with this Court's adjudication of the instant action.

In its adoption of the McCarran–Ferguson act, 15 U.S.C. §§ 1011–1015 (1945), Congress recognized that the business of insurance should be regulated by the states. Subsequently, Kentucky, like nearly all states, adopted a comprehensive regulatory scheme with respect to insurance. Those provisions of the Kentucky Revised Statutes relevant to the instant case will be examined.

In his memorandum in support of his motion to remand, plaintiff relies heavily on KRS 304.33–10(6), 304.33–040(3)(a), and 304.33–190(2), which provide, in relevant part:

304.33–10(6):

If there is a delinquency proceeding under this subtitle, the provisions of this subtitle shall govern those proceedings, and all conflicting contractual provisions contained in any contract between the insurer which is subject to the delinquency proceeding and any third party shall be deemed subordinated to the provisions of this subtitle. However, notwithstanding the foregoing, in any delinquency proceeding commenced against an insurer after July 15, 1996, nothing in this subtitle shall be construed to subordinate or restrict the rights of parties to submit their disputes to arbitration pursuant to a contractual arbitration clause contained in a reinsurance agreement.

304.33–040(3)(a):

[The liquidation court] shall have exclusive jurisdiction to entertain, hear, or determine all matters in any way relating to any delinquency proceeding under this subtitle, including, but not limited to, all disputes involving purported assets of the insurer.

304–33.190(2):

Upon the issuance of an order directing the commissioner to liquidate a domestic insurer, the court shall have exclusive jurisdiction over all matters relating to the liquidation....

Kentucky Revised Statutes (Michie 1996).

■ While the above provisions would appear to limit the instant action to being heard only in the statutory liquidation proceeding, such a conclusion would be a misinterpretation of the statutes. The instant action before the Court is not a "delinquency proceeding;" rather it is a common law breach of contract action which merely happens to involve an insolvent insurer.[2]

---

2. *See Bennett v. Liberty National Fire Insurance Co.*, 968 F.2d 969 (9th Cir.1992); *Schacht v. Beacon Insurance Co.*, 742 F.2d 386 (7th Cir.1984); *Ainsworth v. Allstate Insurance Co.*, 634 F.Supp. 52 (W.D.Mo.1985); *Bernstein v. Centaur Insurance Co.*, 606 F.Supp. 98 (S.D.N.Y.1984). All the foregoing cases involved similar contract actions under analogous state regulatory schemes. In each case, the parties were ordered into arbitration (away from the liquidation court) because the underlying disputes arose out of their pre-liquidation contracts, and as such were not "liquidation proceedings" *per se*. The *Bennett*

As such, it is not a statutorily defined "liquidation proceeding" falling under the above provisions. Rather, the KRS provisions applicable to the instant action are contained within 304.33–240, which provides, in relevant part:

> [The liquidator may:]
>
> (6) Collect all debts and moneys due and claims belonging to the insurer, wherever located, and for this purpose institute timely action in other jurisdictions to marshal the assets of the insurer, ... and pursue any creditor's remedies available to enforce his claims.
>
> (13) ... [I]nstitute in the name of the insurer or in his own name any suits and other legal proceedings, in this state or elsewhere.
>
> (14) Prosecute any action which may exist in behalf of the creditors, members, policyholders, or shareholders of the insurer against any officer of the insurer, or any other person.

Kentucky Revised Statutes (Michie 1996).

Under the above KRS provisions, plaintiff Nichols would have been statutorily authorized to bring the instant action before the Court originally. Thus, it is not too great a stretch in reasoning to conclude that because this action could have originally been brought before the Court, this action may be removed under 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441 (1994).

■ An argument could be made that the instant action falls under an express act of Congress, namely the McCarran–Ferguson Act, which would bar the Court from exercising jurisdiction. However, this argument must fail because the instant action is no more than a garden variety contract suit which happens to involve two insurers. The fact that one is insolvent is irrelevant; insolvency would only be an issue if this case involved the distribution of the insolvent insurer's assets to creditors.[3] Since, however, it is the insolvent insurer seeking relief, the Court is not barred from hearing this case by federal or reverse-preemptive Kentucky law; therefore the Court will retain jurisdiction over the instant action.[4]

### V. The Federal Arbitration Act Requires that this case be sent to arbitration.

■ Pursuant to the Federal Arbitration Act ("the FAA"), written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Supreme Court has declared the FAA to be a liberal declaration of a strong federal policy favoring arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Furthermore, "as a matter of federal law, any doubts con-

court even went so far as to say that the McCarran–Ferguson Act was no longer applicable once a liquidation order had been filed; since neither the company nor any policy holders existed any longer, there was no longer any "business of insurance" to be regulated. *Bennett*, 968 F.2d at 973.

**3.** *See Bennett v. Liberty National Fire Insurance Co.*, 968 F.2d 969 (9th Cir.1992). Distinction should be drawn, however, from such cases as *Levy v. Lewis*, 635 F.2d 960 (2nd Cir.1980), wherein the claim for relief was against the insolvent insurer.

**4.** The Court wonders how plaintiff could in good faith reach any conclusion other than that reached by the Court today, for plaintiff's own actions in other matters support this Court's conclusion. Plaintiff Nichols, in his capacity as Liquidator of Delta America Re Insurance, is also the plaintiff in another action currently before the U.S. District Court for the Southern District of New York. *See* Affidavit of Rebecca L. Briggs [Record No. 22, Exhibit 2].

cerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. 927; *Asplundh Tree Expert Co. v. Bates,* 71 F.3d 592, 599 (6th Cir.1995). Against such a background, the Court will now address the issues before it.

In its motion to compel arbitration, defendant Vesta has presented copies of the agreements between Vesta and Delta which lie at the heart of this controversy. Plaintiff's response took no issue with the contractual validity of those agreements; rather, plaintiff's focus was on the same argument used in his attempt to move the Court to remand the action to the Franklin Circuit Court; specifically that since this Court should not hear this case, it therefore could not order the parties into arbitration. The Court does not agree (as explained fully in parts I–IV of this Opinion), and therefore sees no reason why the parties currently before it should not be ordered into arbitration as provided by their contractual agreements. Accordingly,

**IT IS ORDERED:**

(1) That plaintiff's motion to remand [Record No. 13] be, and the same hereby is, **DENIED;**

(2) That defendant's motion to compel arbitration [Record No. 7] as provided in the parties' contractual agreements be, and the same hereby is, **GRANTED;**

(3) That the above-styled action be, and the same hereby is, **STRICKEN FROM THE COURT'S ACTIVE DOCKET.**

### JUDGMENT

In accordance with the Memorandum Opinion and Order of even date, and entered contemporaneously herewith,

**IT IS ORDERED:**

(1) That the above-styled action be, and the same hereby is, **DISMISSED WITH PREJUDICE;**

(2) That the above-styled action be, and the same hereby is, **STRICKEN FROM THE COURT'S ACTIVE DOCKET;**

(3) That this Order is **FINAL AND APPEALABLE, AND THERE IS NO JUST CAUSE FOR DELAY.**